1  CRISTINA L. TALLEY, CITY ATTORNEY
   DEBORAH P. KNEFEL DEPUTY CITY ATTORNEY (SBN 114189)
2  200 South Anaheim Boulevard, Suite 356
   Anaheim, California 92805-3820
3  Telephone:  (714)765-5169
   Facsimile:  (714)765-5123
4  E-mail:     dknefel@anaheim.net

5  Attorneys for Defendants                    Exempt from filing fees pursuant to
                                                Government Code §6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIENI PATU, | CASE NO. CV09-04199RGK (Ex) |
| Plaintiff, | Assigned to the Honorable R. Gary Klausner |
| vs. | |
| ANAHEIM POLICE OFFICER BRIAN SNOWDEN, ANAHEIM POLICE OFFICER JOSSUE HERNANDEZ, CITY OF ANAHEIM, CHIEF JOHN WELTER; ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON; OFFICER ED BENNET; OFFICER MARK DEBOLT; OFFICER BRUCE WARNER; OFFICER MEL MIRANDA; OFFICER ESPER NERI; OFFICER KATHY ALVARADO; OFFICER DON BRIGGS; OFFICER SONIA CONKLIN; SGT. J. CLAPPER, DOES 1 THROUGH 10, | ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Complaint Filed: June 12, 2009<br><br>First Amended Complaint Filed: October 21, 2009<br><br>Trial Date: June 29, 2010<br>Time:<br>Room: 850 |
| Defendants. | |

COMES NOW Defendants ANAHEIM POLICE OFFICER BRIAN SNOWDEN, ANAHEIM POLICE OFFICER JOSSUE HERNANDEZ, CITY OF ANAHEIM, CHIEF JOHN WELTER; ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON; OFFICER ED BENNETT; OFFICER MARK DEBOLT; OFFICER BRUCE WARNER; OFFICER MEL MIRANDA; OFFICER

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

ESPER NERI; OFFICER KATHY ALVARADO; OFFICER DON BRIGGS; OFFICER SONIA CONKLIN; and SGT. J. CLAPPER, for themselves only and no other defendants, and answering the complaint filed on behalf of SIENI T. PATU admit, deny and allege as follows:

1. Defendants admit the allegations in paragraphs 1-3 in the complaint regarding "jurisdiction and venue" that the damages alleged and the conduct alleged by officials employed by Anaheim within the County of Orange, State of California is within the judicial district, but allegations that this case should be transferred to the Southern Division of the Central District pursuant to 28 USC §1404(a), (b). Any remaining allegations in paragraph 1-3 not specifically admitted herein are denied.

2. Defendants have no information or belief sufficient to enable them to admit or deny the allegation in paragraph 4 under the heading of "Parties".

3. Defendants admit the allegations in paragraph 5 that defendants ANAHEIM POLICE OFFICER BRIAN SNOWDEN, ANAHEIM POLICE OFFICER JOSSUE HERNANDEZ, CHIEF JOHN WELTER, ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON, OFFICER ED BENNETT, OFFICER MARK DEBOLT, OFFICER BRUCE WARNER, OFFICER MEL MIRANDA, OFFICER ESPER NERI, OFFICER KATHY ALVARADO, OFFICER DON BRIGGS, OFFICER SONIA CONKLIN are employed by the City of Anaheim as police officers or correctional officers or as jail personnel. Any remaining allegations in paragraph 5 not specifically admitted herein are denied.

4. Defendants admit the allegations of paragraphs 6, 7 and 8.

5. Defendants have no information or belief sufficient to enable them to admit or deny the allegations in paragraph 9 under the heading of "Parties".

6. Defendants admit the allegations in paragraph 10 that defendants ANAHEIM POLICE OFFICER BRIAN SNOWDEN, ANAHEIM POLICE OFFICER JOSSUE HERNANDEZ, CHIEF JOHN WELTER, ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON, OFFICER ED BENNETT,

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1                                           2

1  OFFICER MARK DEBOLT, OFFICER BRUCE WARNER, OFFICER MEL
2  MIRANDA, OFFICER ESPER NERI, OFFICER KATHY ALVARADO, OFFICER
3  DON BRIGGS, OFFICER SONIA CONKLIN are employed by the City of Anaheim
4  as sworn police officers corrections officers or jail personnel and SGT. J. CLAPPER
5  was employed as a sworn police officer said defendants were acting under color of
6  state law and within the course and scope of their duties when they had contact with
7  plaintiff on or about July 5, 2008. Any remaining allegations in paragraph 10 not
8  specifically admitted herein are denied.

9  7.  Answering paragraph 11 of the complaint, defendants reallege each and
10 every averment of paragraphs 1 through 10, of their answer as though set forth in
11 full.

12 8.  Defendants, answering paragraph 12 of the complaint, deny each and
13 every allegation contained therein.

14 9.  Defendants admit the allegations in paragraph 13 that plaintiff visited
15 the Lemon Twist Lounge bar and pool establishment on West Ball Road in Anaheim
16 on July 4, 2008 accompanied by her friend Lynda Lynch and her acquaintance, Liah
17 Togagae. Defendants have no information or belief sufficient to enable them to
18 admit or deny the remaining allegations in paragraph 13.

19 10. Defendants have no information or belief sufficient to enable them to
20 admit or deny the allegations in paragraph 14-19.

21 11. Answering paragraph 20, defendants admit plaintiff was contacted by
22 defendants Hernandez and Snowden at approximately 2:00 a.m. as she exited the
23 Lemon Twist Lounge, that the officers were in uniform and that they had a patrol
24 vehicle in the Lemon Twist Lounge parking lot. Defendants lack sufficient
25 information or belief to enable them to admit or deny the remaining allegations in
26 said paragraph 20.

27 12. Answering paragraph 21, defendants admit that plaintiff expressed
28 concern to Defendant Snowden about unidentified girls at the Lemon Twist Bar.

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Any remaining allegations in paragraph 21 not specifically admitted herein are denied.

13. Answering paragraph 22, defendants deny each and every allegation contained therein.

14. Defendants, answering paragraph 23 of the complaint, admit that Officer Snowden removed his taser from its holster and warned plaintiff that he might have to use it if she persisted in her combative behavior. Any remaining allegations in paragraph 23 not specifically admitted herein are denied.

15. Defendants, answering paragraph 24 and 25 of the complaint, admit that, after they warned the plaintiff several times, tried to persuade her to go home with her friends Lynch and Tagagogue and she refused and even physically assaulted her friends, the defendants Snowden and Hernandez handcuffed the plaintiff, arrested her for public intoxication and placed her into the rear of the patrol car and plaintiff did not physically resist the handcuffing or placement into the vehicle. Any remaining allegations in paragraph 24 and 25 not specifically admitted herein are denied.

16. Defendants, answering paragraph 26 of the complaint, admit that Officer Hernandez was seated in the front passenger seat of the patrol vehicle, that plaintiff was seated and belted in the rear of the patrol vehicle, that plaintiff requested that the handcuffs be loosened and that defendants loosened the handcuffs for her. Any remaining allegations in paragraph 26 not specifically admitted herein are denied.

17. Defendants, answering paragraph 27 of the complaint, admit that they escorted the plaintiff to the Anaheim Police Station and Jail at approximately 2:30 a.m., where she was processed and attended to by Jail personnel, including defendants Bennett, Debolt, Warner and Miranda. Any remaining allegations in paragraph 27 not specifically admitted herein are denied.

18. Defendants, answering paragraph 28 of the complaint, admit that plaintiff was placed in a sobering cell which has a window, that defendant Neri was

1  present when the plaintiff was in the sobering cell and the handcuffs were removed,
2  that no medical personnel examined her at the jail and that plaintiff tapped on the
3  window, intermittently. Any remaining allegations in paragraph 28 not specifically
4  admitted herein are denied.

5     19.    Defendants, answering paragraph 29 of the complaint, admit that
6  Anaheim jail personnel checked on her periodically, in accord with state law, that
7  blinds were drawn down and that plaintiff intermittently tapped on the window of the
8  sobering cell. Any remaining allegations in paragraph 29 not specifically admitted
9  herein are denied.

10    20.    Answering paragraph 30, defendants admit plaintiff remained in the
11  sobering cell and slept on the floor of the sobering cell until approximately 7:00 a.m.,
12  that jail personnel periodically checked on her pursuant to state law and that the jail
13  video tape and audio tapes speak for themselves. Defendants lack sufficient
14  information or belief to admit or deny the allegations of plaintiff's subjective
15  experience of pain and/or suffering. Any remaining allegations in paragraph 30 not
16  specifically admitted herein are denied.

17    21. Answering paragraph 31-33, defendants admit that Defendants Briggs,
18  Alvarado and Conklin entered plaintiff's cell at about 7:00 a.m., when plaintiff
19  mentioned her injury to jail staff for the very first time and requested their assistance,
20  that they assisted her in getting up from the floor, asked her about her injury, that
21  plaintiff reported that the arresting officer caused her injury, that defendants
22  summoned Sergeant Clapper, who conducted a recorded interview of the plaintiff
23  and advised plaintiff, when she showed him her injury, that she would be provided
24  medical care or could seek her own, according to her preference, that plaintiff was
25  provided breakfast, went through the booking process and was released at her own
26  request to seek her own medical care and that the jail video tape and audio tapes
27  speak for themselves. Defendants lack sufficient information or belief to admit or
28  ///

OFFICE OF THE CITY ATTORNEY
CITY OF ANAHEIM
200 S. ANAHEIM BOULEVARD, SUITE 356
ANAHEIM, CALIFORNIA 92805
(714) 765-5169
FAX (714) 765-5123

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1         5

deny the allegations of plaintiff's subjective "beliefs". Any remaining allegations in paragraph 31-33 not specifically admitted herein are denied.

22. Answering paragraph 34, defendants admit that the plaintiff went to the Anaheim Memorial Center for examination and that the x-rays and hospital records speak for themselves. Any remaining allegations in paragraph 34 not specifically admitted herein are denied.

23. Answering paragraph 35, defendants admit that Officer Snowden cited plaintiff for PC 647(f) for being drunk in public, that plaintiff pled to a charge of disorderly conduct and the PC 647 (f) charge was dismissed. Any remaining allegations in paragraph 35 not specifically admitted herein are denied.

24. Answering paragraph 36 of the complaint, defendants reallege each and every averment of paragraphs 1 through 35, of their answer as though set forth in full.

25. Answering paragraph 37, 38 and 39 of the complaint, defendants admit that the plaintiff fractured and injured her right arm and defendants lack sufficient information or belief to admit or deny the allegations concerning the status of her current treatment. Any remaining allegations in said paragraphs that are not specifically admitted herein are denied.

26. Answering paragraph 40 of the complaint, defendants reallege each and every averment of paragraphs 1 through 39, of their answer as though set forth in full.

27. Answering paragraph 41, 42 and 43 of the complaint, defendants admit that Officer Hernandez was present and was aware of Officer Snowden's conduct until plaintiff entered the jail, that it was not necessary for Officer Hernandez to "intercede" and he did not "intercede", as alleged therein. Any remaining allegations in said paragraphs that are not specifically admitted herein are denied.

///

///

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  28.  Answering paragraph 44 of the complaint, defendants reallege each and every averment of paragraphs 1 through 43, of their answer as though set forth in full.

29.  Answering paragraph 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, and 55 of the complaint, defendants admit that they escorted the plaintiff to the Anaheim Police Station and Jail at approximately 2:30 a.m., where she was processed and attended to by Jail personnel, including defendants Bennett, Debolt, Warner and Miranda, that plaintiff was placed in a sobering cell which has a window, that defendant Neri was present when the plaintiff was in the sobering cell and the handcuffs were removed, that no medical personnel examined her at the jail, that plaintiff tapped on the window of the sobering cell intermittently, that plaintiff remained in the sobering cell and slept on the floor of the sobering cell until approximately 7:00 a.m., that jail personnel periodically checked on her pursuant to and in compliance with state law, that Defendants Briggs, Alvarado and Conklin entered plaintiff's cell at about 7:00 a.m., when plaintiff mentioned her injury to jail staff for the very first time and requested their assistance, that they assisted her in getting up from the floor, asked her about her injury, that plaintiff had an injury consisting of a fractured right arm, that plaintiff reported that the arresting officer caused her injury, that defendants summoned Sergeant Clapper, who conducted a recorded interview of the plaintiff and advised plaintiff, when she showed him her injury, that she would be provided medical care or could seek her own, according to her preference, that plaintiff was provided breakfast, went through the booking process and was released at her own request to seek her own medical care and that the recorded jail video tape and recorded interview and audio tapes speak for themselves.  Any remaining allegations in said paragraphs that are not specifically admitted herein are denied.

30.  Answering paragraph 56 of the complaint, defendants reallege each and every averment of paragraphs 1 through 55, of their answer as though set forth in full.

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1                                                    7

31. Answering paragraph 57, 58 and 59 of the complaint, defendants deny each and every allegation contained therein.

32. Answering paragraph 60, 61, 62, 63, 64, 65 and 66 of the complaint, defendants deny each and every allegation contained therein.

FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

33. Defendants are not liable for the injury or damages alleged in the complaint, if any, except as provided by statute, by reason of the provisions of Government Code Section 815.

FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

34. These answering defendants are not liable for the damages, if any, alleged in plaintiffs' Complaint and in each and every cause of action therein because defendants' actions were reasonable, proper and legal.

FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

35. Defendants are not liable for the damages, if any, alleged in plaintiffs' Complaint and in each and every cause of action therein because each and every cause of action in plaintiffs' Complaint fails to state a claim and/or cause of action upon which relief may be granted.

FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

36. These answering defendants are not liable for the damages, if any, alleged in plaintiffs' Complaint and in each and every cause of action therein because

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

the force which was used upon the plaintiff was caused and necessitated by the acts of the plaintiff, and was justified and necessary under the circumstances.

FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

37. Any and all acts or omissions of these defendants, their agents and employees, which allegedly caused injuries at the time and place set forth in the complaint, which is the subject of this action, were the result of the exercise of discretion vested in them, and therefore, these defendants are not liable to plaintiffs for any of the alleged damages pursuant to the California Government Code §820.2.

FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

38. Any and all mandatory duties imposed on defendants, and or their agents or employees were exercised with reasonable diligence, and therefore, defendants are not liable to plaintiff for the alleged injuries pursuant to Government Code Section 815.6.

FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

39. Defendant City of Anaheim's police officers had probable cause to believe that the (plaintiff) pose(d) a threat of serious physical harm, either to herself, the officers or to others.

FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

40. As to each defendant sued herein as a natural person and who has been sued in an individual and official capacity, each such defendant is entitled to the

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

defense of qualified immunity which shields government officials performing discretionary functions from liability for civil damages. At all times mentioned herein, the police officers had a good faith belief that their actions were lawful and reasonable.

FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

41. These defendants are not liable for the damages, if any, alleged in plaintiff's complaint by reason of the provisions of Government Code Section 820.4, in that a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

42. Plaintiff is barred from recovery, or said recovery, if any, is proportionately reduced, as any injury or damage allegedly suffered by plaintiff occurred as a proximate result of negligence on plaintiff's part in that plaintiff failed to exercise ordinary care on her own behalf at the time and place alleged. Total recoverable damages, if any, are subject to reduction to the extent plaintiff's own negligence contributed to her injuries.

FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS ALLEGE:

43. Defendants allege that plaintiff is barred from pursuing any cause of action under 42 U.S.C. 1983 against defendant City of Anaheim because respondent superior does not apply against public entities under said Code section. Plaintiff's Complaint fails to state a cause of action against the City of Anaheim in that pursuant

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  to Monell v. Department of Social Services of the City of New York (1978) 56
2  L.Ed.2d 611, there can be no recovery for a federal civil rights violation where there
3  is no constitutional deprivation occurring pursuant to governmental custom and
4  policy.

5  FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE
6  DEFENSE TO SAID COMPLAINT AND TO EACH AND EVERY CAUSE OF
7  ACTION CONTAINED THEREIN, THESE ANSWERING DEFENDANTS
8  ALLEGE:

9  44.   Any and all claims by plaintiff in her Complaint and in each and every
10 cause of action therein for punitive or exemplary damages against defendant City of
11 Anaheim are barred because public entities are not liable for and/or are immune from
12 punitive or exemplary damages under 42 USC Section 1983 and/or wrongful death.
13 City of Newport v. Fact Concerts 453 US 247, 69 L Ed 2d 616, 101 S Ct 2748 (1981)
14 and California Government Code Section 818.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1                                    11

1  WHEREFORE, Defendants pray as follows:

2  1. That Plaintiff take nothing by reason of the complaint, and that judgment
3  be rendered in favor of Defendants;

4  2. That Defendants be awarded costs of suit and attorneys fees incurred in
5  defense of this action; and

6  3. For such other or further relief the Court deems proper.

7  Dated: December __, 2009    CRISTINA L. TALLEY, CITY ATTORNEY

9  BY _____
   DEBORAH P. KNEFEL
10  Deputy City Attorney
   Attorneys for Defendants
11  CITY OF ANAHEIM, CHIEF JOHN WELTER; ANAHEIM DETENTION
12  MANAGER MICHAEL RICHARDSON; OFFICER ED BENNETT; OFFICER MARK
13  DEBOLT; OFFICER BRUCE WARNER; OFFICER MEL MIRANDA; OFFICER
14  ESPER NERI; OFFICER KATHY ALVARADO; OFFICER DON BRIGGS;
15  OFFICER SONIA CONKLIN; SGT. J.CLAPPER, OFFICER BRIAN NOWDEN
16  and OFFICER JOSSUE HERNANDEZ

OFFICE OF THE CITY ATTORNEY
CITY OF ANAHEIM
200 S. ANAHEIM BOULEVARD, SUITE 356
ANAHEIM, CALIFORNIA 92805
(714) 765-5169
FAX (714) 765-5123

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1                                               12

DEMAND FOR JURY TRIAL

Defendants, CITY OF ANAHEIM, CHIEF JOHN WELTER; ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON, OFFICER ED BENNETT, OFFICER MARK DEBOLT, OFFICER BRUCE WARNER, OFFICER MEL MIRANDA, OFFICER ESPER NERI, OFFICER KATHY ALVARADO, OFFICER DON BRIGGS, OFFICER SONIA CONKLIN, SGT. J. CLAPPER, OFFICER BRIAN SNOWDEN and OFFICER JOSSUE HERNANDEZ hereby DEMAND a jury trial.

Dated: December ___, 2009    CRISTINA L. TALLEY, CITY ATTORNEY

BY _____
DEBORAH P. KNEFEL
Deputy City Attorney
Attorneys for Defendants
CITY OF ANAHEIM, CHIEF JOHN WELTER; ANAHEIM DETENTION MANAGER MICHAEL RICHARDSON; OFFICER ED BENNETT; OFFICER MARK DEBOLT; OFFICER BRUCE WARNER; OFFICER MEL MIRANDA; OFFICER ESPER NERI; OFFICER KATHY ALVARADO; OFFICER DON BRIGGS; OFFICER SONIA CONKLIN; SGT. J.CLAPPER, OFFICER BRIAN SNOWDEN and OFFICER JOSSUE HERNANDEZ

ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

75253.1                                    13